THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON PAUL KHAMNOY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION d.b.a AMTRAK; and DOES ONE THROUGH FIFTY,<br><br>　　　　　　Defendants. | No. 3:19-cv-06223-BHS<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY DEMAND** |

Defendant National Railroad Passenger Corporation ("Amtrak" or "Defendant") responds as follows to Plaintiff's Complaint ("Complaint").

## ANSWER

1. **PLAINTIFF'S IDENTIFICATION OF PARTIES**

　　1.1　Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.1 of the Complaint and therefore denies the same.

　　1.2　Amtrak admits that it is an interstate common carrier by rail and that it operates the Amtrak Cascades train service between Seattle, Washington and Portland, Oregon. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 1.2 of the Complaint.

　　1.3　Amtrak admits that the Washington and Oregon Departments of Transportation contract with Amtrak to operate the Amtrak Cascades service. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 1.3 for lack of information.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 1
NO. 3:19-CV-06223-BHS

019188.0460/7937862.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

1.4     Amtrak admits that Sound Transit owns the Lakewood subdivision. Except as admitted herein, Amtrak denies the allegations of Paragraph 1.4 of the Complaint for lack of information.

1.5     Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.5 of the Complaint and therefore denies the same.

1.6     Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1.6 of the Complaint and therefore denies the same.

1.7     Amtrak denies the allegations of Paragraph 1.7 of the Complaint.

### 2.     PLAINTIFF'S STATEMENT OF JURISDICTION AND VENUE

2.1     Amtrak re-alleges and incorporates all proceeding paragraphs contained in this Answer as if set forth in full and at length herein.

2.2     Amtrak admits that jurisdiction is proper in this Court.

2.3     Amtrak admits that venue is proper in the Western District of Washington.

### 3.     PLAINTIFF'S GENERAL ALLEGATIONS

3.1     Amtrak re-alleges and incorporates all proceeding paragraphs contained in this Answer as if set forth in full and at length herein.

3.2     Amtrak admits that on December 18, 2017, Amtrak Cascades Train 501 service originated in Seattle, Washington and was destined for stops in Washington and in Portland, Oregon. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 3.2 of the Complaint.

3.3     Amtrak admits that at approximately 7:33 a.m. on December 18, 2017, Amtrak Cascades Train 501 was traveling on the Point Defiance Bypass section of the Lakewood Subdivision, a section of trackage over which it has operating rights, and partially derailed. Except as expressly admitted herein, Amtrak denies the allegations of Paragraph 3.3 of the Complaint.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 2
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

3.4     Amtrak denies the allegations of Paragraph 3.4 of the Complaint, except it admits that Amtrak Cascades Train 501 was travelling in excess of the allowable speed at some point prior to the derailment.

3.5     Amtrak denies the allegations of Paragraph 3.5 of the Complaint, except that it admits that the engineers' qualification process included a ten-question physical characteristics test and that the conductors' qualification process included a six-question physical characteristics test.

3.6     Amtrak denies the allegations of Paragraph 3.6 of the Complaint, except that it admits that the lead unit of the Amtrak Cascades trainset on December 18, 2017 was a Siemens Charger locomotive.

3.7     Amtrak denies the allegations of Paragraph 3.7 of the Complaint.

3.8     Amtrak denies the allegations of Paragraph 3.8 of the Complaint.

3.9     Amtrak denies the allegations of Paragraph 3.9 of the Complaint.

3.10    Amtrak denies the allegations of Paragraph 3.10 of the Complaint.

3.11    Amtrak denies the allegations of Paragraph 3.11 of the Complaint.

3.12    Amtrak denies the allegations of Paragraph 3.12 of the Complaint for lack of information, except that it admits Plaintiff Aaron Paul Khamnoy was a passenger on Amtrak Cascades Train 501.

3.13    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.13 of the Complaint and therefore denies the same.

3.14    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.14 of the Complaint and therefore denies the same.

3.15    Amtrak lacks information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.15 of the Complaint and therefore denies the same.

## 4.     PLAINTIFF'S ALLEGED CAUSE OF ACTION

4.1     Amtrak re-alleges and incorporates all proceeding paragraphs contained in this Answer as if set forth in full and at length herein.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 3
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

4.2     Amtrak denies the allegations of Paragraph 4.2 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

4.3     Amtrak denies the allegations of Paragraph 4.3 of the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

## 6.     PLAINTIFF'S PRAYER FOR RELIEF

Amtrak denies that Plaintiff is entitled to the relief sought in the Complaint, except that in this civil action, Amtrak will not contest liability for compensatory damages proximately caused by the derailment of Train 501 on December 18, 2017.

## AFFIRMATIVE DEFENSES

By way of further answer and affirmative defenses to Plaintiff's Complaint, Amtrak alleges as follows:

1.     Any claim for punitive damages is barred by 49 U.S.C. § 28103.

2.     Any claim for punitive damages is barred by the United States Constitution, including, *inter alia*, the Due Process, Equal Protection and Excessive Fines Clauses, as well as the Washington Constitution and applicable statutory provisions.

3.     Plaintiff's award, if any, is controlled and limited by the applicable provisions of 49 U.S.C. § 28103.

4.     To the extent certain expenses incurred by Plaintiff arising from the incident in question have been paid by Amtrak, any recovery by Plaintiff should be reduced to the extent of such payments pursuant to the doctrine of accord and satisfaction and set off.

5.     Amtrak reserves the right to amend this answer and affirmative defenses to allege additional defenses, add additional parties, and bring third-party claims, as may be identified during the course of discovery and investigation.

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 4
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint and set forth its affirmative defenses, Amtrak prays as follows:

1. That Amtrak be granted its costs, including reasonable attorneys' fees, incurred in defending this action; and

2. That the Court grant Amtrak such other relief as it deems just and equitable under the circumstances.

DATED this 24th day of February 2020.

LANE POWELL PC

By: *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Warren E. Babb, Jr., WSBA No. 13410
babbw@lanepowell.com

*Attorneys for Defendant National Railroad Passenger Corporation*

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 5
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## DEFENDANT'S JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant National Railroad Passenger Corporation (Amtrak) requests a jury trial by a jury of twelve in the above-referenced matter.

DATED this 24th day of February 2020.

LANE POWELL PC

By: *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com
Warren E. Babb, Jr., WSBA No. 13410
babbw@lanepowell.com

*Attorneys for Defendant National Railroad Passenger Corporation*

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 6
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that the following document was sent to the following CM/ECF participant:

Joseph A. Grube
Karen Orehoski
Breneman Grube Orehoski, PLLC
1200 Fifth Avenue, Suite 625
Seattle, WA 98101-3118
E-Mail: joe@bgotrial.com
E-Mail: karen@bgotrial.com

Jongwon Yi
Law Offices of Jongwon Yi, LLC
6919 Lakewood Dr. W, Ste D2
Tacoma WA 98467
E-Mail: jy@jyilaw.com

Executed on the 24th day of February, 2020, at Seattle, Washington.

*s/ Alisa R. Flabel*
Alisa R. Flabel, Legal Assistant

DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES - 7
NO. 3:19-CV-06223-BHS
019188.0460/7937862.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107