1

2                                          HONORABLE BENJAMIN H. SETTLE

3

4

5

6

7                            UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
8                                      AT TACOMA

9    AARON PAUL KHAMNOY,                      Case No.  3:19-cv-06223-BHS

10                          Plaintiff,        **DEFENDANT NATIONAL RAILROAD
                                              PASSENGER CORPORATION'S
11   v.                                       MOTION TO CONTINUE THE TRIAL
                                              DATE AND REOPEN DISCOVERY**
12   NATIONAL RAILROAD PASSENGER
     CORPORATION d.b.a AMTRAK; and            **NOTE ON MOTION CALENDAR:
13   DOES ONE THROUGH FIFTY,                  JUNE 17, 2022**

14                          Defendants.

15

16           I.      **INTRODUCTION & RELIEF REQUESTED**

17           On May 2, 2022, Plaintiff disclosed that he had undergone a laminectomy with discectomy

18   in early April 2022, and that his surgeon was recommending a future spinal fusion procedure.

19   With the exception of a progress note produced on May 23, 2022, no records from this procedure

20   or Plaintiff's subsequent rehabilitation period have been produced.  Plaintiff has agreed to reopen

21   discovery regarding his recent and future back surgeries, but has not agreed to continue the trial

22   date even though there is not adequate time between now and the present trial date of August 23,

23   2022, even if the new medical records were received immediately.

24           Defendant National Railroad Passenger Corporation ("Amtrak") therefore moves for an

25   order continuing the trial date, currently scheduled for August 23, 2022 and reopening discovery

26   for the following purposes of (1) obtaining additional medical records relating to Plaintiff's

27   recently disclosed back surgery and new claim that an additional future surgery is necessary, (2)

DEFENDANT NRPC'S MOTION TO CONTINUE                      LANE POWELL PC
TRIAL DATE AND REOPEN DISCOVERY - 1                 1420 FIFTH AVENUE, SUITE 4200
CASE NO. 3:19-cv-06223-BHS                                 P.O. BOX 91302
                                                    SEATTLE, WASHINGTON 98111-9402
                                                  206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1

obtaining Plaintiff's physical therapy records following this surgery, (3) deposing Plaintiff's orthopedic surgeon, Dr. Raj Kakarlapudi, (4) deposing Plaintiff's physical therapist, and (5) a second deposition of Plaintiff regarding events since his prior deposition, including his objective and subjective functioning before and after the recent surgery.

At this time, Amtrak still does not have the medical records relating to the back surgery, or even his physical therapy treatment notes, and it needs additional time to complete discovery, including a deposition of Plaintiff's orthopedic surgeon and physical therapist, and a further deposition of Plaintiff.  Thus, this motion is necessary.  For the reasons set forth below, Amtrak's motion to continue the trial date and other deadlines should be granted as follows:

| DEADLINE | CURRENT DATE | NEW DATE |
| --- | --- | --- |
| FIVE DAY JURY TRIAL set for 9:00 AM | 8/23/2022 | 3/28/2023 |
| All motions related to discovery must be filed by | 8/23/2021 | 9/5/2022 |
| Discovery completed by | 9/20/2021 | 10/3/2022 |
| Pretrial conference will be held at 11:00 AM on | 8/8/2022 | 3/13/2023 |
| Agreed neutral statement of the case and deposition designations due by | 8/2/2022 | 3/6/2023 |

## II.    PERTINENT PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff had multiple surgical procedures between February 2018 and December 2019. Declaration of Andrew G. Yates ("Yates Decl."), June 2, 2022, at ¶ and Ex. A attached thereto.

On December 19, 2019, Plaintiff filed his complaint, alleging that he sustained injuries as a result of the derailment of Amtrak Train 501.  Dkt. 1.

On March 18, 2020, this Court entered an order setting jury trial and pretrial dates.  Dkt. 9.

Subsequently, the parties exchanged discovery throughout the course of this litigation up to the September 20, 2021 discovery cutoff.  *See* Dkt. 9.

DEFENDANT NRPC'S MOTION TO CONTINUE
TRIAL DATE AND REOPEN DISCOVERY - 2
CASE NO. 3:19-cv-06223-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1

On January 5, 2022 the parties filed pretrial motions and trial briefs and had a pretrial conference on January 5, 2022.  Dkt. 31.

On January 25, 2022, this Court issued a minute order resetting the trial and certain pretrial deadlines due to COVID concerns.  The Court also scheduled a second pretrial conference for August 8, 2022.  Dkt. 33, 35.

On April 5, 2022—for the first time in approximately 28 months—Plaintiff underwent a surgical procedure ("Revision Lumbar Laminectomy with Discectomy @ Right L4-5"). Throughout the course of this litigation, only the January 13, 2020 note "indicated" a potential need to proceed with a lumbar laminectomy.  Yates Decl., at ¶ 3 and Ex. B attached thereto.  Since Plaintiff did not undergo that procedure at any time between January 20, 2020 and the September 21, 2021 discovery cutoff, and since Plaintiff last saw his orthopedic surgeon on January 13, 2020 based on the records Amtrak had,[1] Amtrak was under the impression that Plaintiff's pain had improved and there was no need to undertake that procedure.  For reasons unknown to Amtrak, Plaintiff elected to undergo the lumbar laminectomy seven months after the discovery cutoff. Yates Decl., at ¶ 4.  In fact, Plaintiff never mentioned anything about undergoing this procedure in his pretrial motions or trial briefs.   It was not until May 2, 2022 that Plaintiff disclosed this surgical procedure.  Yates Decl., at ¶ 5 and Ex. C attached thereto.

Then, on May 23, 2022, Plaintiff supplemented his prior discovery production with the most recent physical therapy notes available.  Yates Decl., at ¶ 6 and Ex. D attached thereto. According to one of these notes, dated May 19, 2022, Plaintiff reported that after the lumbar laminectomy procedure he experienced "less pain with: prolonged standing, prolonged sitting. Patient's pain is mild to moderate and improving."  Ex. D (pp. 3-6).  Dr. Raj Kakarlapudi referred Plaintiff for "post-op lumbar spine rehabilitation to restore strength, stability, and range of motion"

---

[1] According to Plaintiff's May 23, 2022 supplemental discovery, Plaintiff saw Dr. Kakarlapudi on October 22, 2020 for the first time after January 13, 2020.  Yates Decl., at ¶ 6 and Ex. D attached thereto.  However, Amtrak does not have any records relating to the October 22, 2020 date of service.  Nor does Amtrak have treatment notes relating to the January 26, 2022 date of service with Kim Nguyen or March 29, 2022 with Cherelle Edwards.  Yates Decl., at ¶ 7.

DEFENDANT NRPC'S MOTION TO CONTINUE TRIAL DATE AND REOPEN DISCOVERY - 3 CASE NO. 3:19-cv-06223-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1

and "will recommend continued conservative care to allow additional time to heal.  Goals are to restore normal function, relieve pain and symptoms…." *Id.*  Amtrak does not have any of Plaintiff's physical therapy notes.

Additionally, Plaintiff's counsel noted in his May 23, 2022 email that Dr. Kakarlapudi has recommended a spinal fusion.  Ex. C.  Amtrak does not have any records  relating to this recommendation.

## III.   AUTHORITY AND ARGUMENT

### A.  Standard for Granting Continuances

Federal Rule 16 governs motions to modify scheduling orders and states that a court may modify a schedule for "good cause." Fed. R. Civ. P. 16(b)(4); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,608 (9th Cir. 1992) ("[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."). "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*.  Due to Plaintiff's recent surgical procedure and Plaintiff's late disclosures, Amtrak has good cause to ask for an extension of the trial date and related deadlines.

To consider whether a motion for a continuance should be granted, the Ninth Circuit has identified four factors to consider: (1) the moving party's diligence in its efforts to ready its defense prior to the date beyond which a continuance is sought; (2) whether the continuance would have served a useful purpose if granted; (3) the extent to which granting the continuance would have inconvenienced the court, opposing party, and witnesses; and (4) the amount of prejudice suffered by the moving party due to the denial of the continuance.  *United States v. Zamora-Hernandez*, 222 F.3d 1046, 1049 (9th Cir. 2000) (citing *United States v. Flynt*, 756 F.2d 1352, 1359) (9th Cir. 1985)).  "[T]he weight given to any one [of these factors] may vary from case to case." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (quoting *Armant v. Marquez*, 772 F.2d 552, 556 (9th Cir. 1985)).

DEFENDANT NRPC'S MOTION TO CONTINUE
TRIAL DATE AND REOPEN DISCOVERY - 4
CASE NO. 3:19-cv-06223-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1

1

2
    **B. The Recent Lumbar Laminectomy Surgery and the New Recommendation for**

3
        **Spinal Fusion Surgery Require a Continuance**

4
        Throughout the course of this litigation, Amtrak has acted with diligence and was unaware

5
that Plaintiff was scheduled for a lumbar laminectomy surgery or that a treating provider

6
recommended spinal fusion surgery.  Although the life care plan refers to a lumbar laminectomy,

7
this was apparently a topic that Plaintiff's life care planner orally discussed with Dr. Kakarlapudi

8
in July 2021.  *See* Ex. E (Preliminary Life Care Plan).  With the exception of a single reference

9
from January 13, 2020 stating that a lumbar laminectomy was "indicated" (Ex. B), there are no

10
other medical records reflecting this recommended procedure.  In fact, all of the orthopedic

11
procedures that the life care planner incorporated into his life care plan were discussed with Dr.

12
Kakarlapudi in July 2021.  *See* Ex. E (Preliminary Life Care Plan).  No medical documentation

13
was attached in support of the life care plan.  *Id.*  Also, according to the medical records that

14
Amtrak received, Plaintiff last saw his orthopedic surgeon on January 13, 2020 (Ex. B), so Amtrak

15
had no reason to believe that Plaintiff would undergo the procedure 28 months later.  The

16
disclosure that Dr. Kakarlapudi will attempt to testify that Plaintiff needs a future fusion procedure

17
is entirely new.

18
        Amtrak needs a four-month continuance to mitigate the prejudice caused by these late

19
disclosures.  Specifically, Amtrak needs to obtain the records from the new providers, including

20
the orthopedic surgeon who performed the lumbar laminectomy and has apparently recommended

21
a spinal fusion, as well as the physical therapist who treated Plaintiff post-operatively.  Amtrak

22
also seeks to redepose Plaintiff to get an understanding of his present condition and the extent of

23
any functional limitation he is claiming.  This additional discovery is necessary given that Plaintiff

24
seeks millions of dollars in medical expenses as well as millions of dollars to move into an assisted

25
living facility due to his alleged physical limitations.  *See* Ex. E.  Thus, the discovery Amtrak is

26
seeking is essential to testing the legitimacy of Plaintiff's future economic and non-economic

27

DEFENDANT NRPC'S MOTION TO CONTINUE
TRIAL DATE AND REOPEN DISCOVERY - 5
CASE NO. 3:19-cv-06223-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1

claims.   Amtrak clearly is entitled to develop its defenses to these claims through discovery regarding the new records, medical providers, and Plaintiff himself.

The continuance would serve a useful purpose because it will give Amtrak time to obtain new discovery, review it, and determine what follow up is necessary, including but not limited to depositions of Plaintiff's treating providers.   There is no reason to believe that the requested continuance would cause any significant inconvenience.  If Amtrak's request for a continuance is denied, Amtrak will be prejudiced.

Additionally, a continuance will allow Amtrak to obtain receipts to Plaintiff's billing statements as well as treatment notes and review Plaintiff's medical records to determine if these expenses are appropriate.  Ultimately, allowing Amtrak to conduct meaningful discovery will help it evaluate the strengths and weaknesses of Plaintiff's claims and Amtrak's defenses at trial.  All of these factors weigh in favor of granting Amtrak's motion for a continuance.

## IV.   CONCLUSION

For the reasons set forth above, this Court should grant Amtrak's motion to continue the trial date and reopen discovery and instruct the Clerk to issue a new order resetting the above dates.


DATED: June 2, 2022

LANE POWELL PC


By   *s/ Tim D. Wackerbarth*
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

1

2          LANDMAN CORSI BALLAINE & FORD, PC

3

4          By   *s/ Mark S. Landman*_____
             Mark S. Landman, *Pro Hac Vice*
5             mlandman@lcbf.com
             John A. Bonventre, *Pro Hac Vice*
6             jbonventre@lcbf.com

7          *Attorneys for Defendant National Railroad
           Passenger Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT NRPC'S MOTION TO CONTINUE
TRIAL DATE AND REOPEN DISCOVERY - 7
CASE NO. 3:19-cv-06223-BHS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

019188.0460/8988628.1